```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
UNITED STATES OF AMERICA                 :        20cr388(DLC)
                                         :
          -v-                            :        ORDER
                                         :
VLADIMIR REYES,                          :
                                         :
                    Defendant.           :
                                         :
---------------------------------------- X
```

DENISE COTE, District Judge:

Vladimir Reyes has moved to suppress evidence seized from him and a pretrial identification of his picture in a photo array. His motion is denied.[1]

On July 30, 2020, Reyes was indicted for conspiring to distribute or to possess with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. § 846. Trial is scheduled to begin on February 24, 2021. On January 8, Reyes filed a motion to suppress. The Government opposed the motion on January 15, and Reyes replied on January 20. Each of the three sections of the Reyes motion is addressed in turn.

1. Photo Array

Reyes has moved to suppress Victim 1's pretrial identification of Reyes' photograph. According to the Government, Victim 1 acted as a broker for the seller of

---

[1] The defendant's motion for return of property is also denied.

cocaine. Reyes was the buyer. After the cocaine was delivered to Reyes, the seller learned that instead of being paid $34,000 for the drugs, he was paid only $1,500 or so. Victim 1 was kidnapped as part of an effort to recover either the drugs or the full payment. The seller took Victim 1's cellphone from him. After escaping, Victim 1 contacted the police. When the seller was arrested about a week later, he had Victim 1's cellphone. On February 10, 2020, which was about eight months after the kidnapping, Victim 1 selected Reyes' photograph from a photospread containing 6 photographs of similar looking males.

Reyes contends that the identification should be suppressed because Victim 1 had been exchanging a photograph of Reyes with the seller, and it was unduly suggestive to include in the photospread a photo that was digitally matched to the very one Victim 1 had been exchanging. As the Government's opposition explains, this prong of the defendant's motion is premised on a false assumption. It explains that the Reyes photograph was exchanged between the seller and a family member and not with Victim 1.

The Government provides a detailed factual response to Reyes's assertion that Victim 1 had previously seen a photograph of Reyes similar to that used in the photospread. The defendant has not presented any evidence to raise a question of fact regarding the Government's response. His general assertions

about the integrity of the Government's investigation do not require suppression of the identification or raise a question of fact that requires a hearing.

   2. August 5, 2020 Seizures

On August 5, 2020, following his indictment, Reyes was arrested at his home pursuant to an arrest warrant.  Reyes moves to suppress an iPhone, jewelry, and $1,700 in cash seized at that time.  He argues that there was no probable cause to seize these items since there was no evidence that they were related to the crime for which Reyes had been indicted.

When law enforcement agents entered Reyes' apartment on August 5 to arrest him pursuant to the arrest warrant, they found him sleeping on a mattress on the floor in the living room.  In plain view near the mattress were .49 kilograms of marijuana, articles of jewelry, and a cellphone.  As the Government explains in its opposition to this motion, these items were properly seized under the plain view doctrine. United States v. Babilonia, 854 F.3d 163, 179-80 (2d Cir. 2017). Law enforcement officers then obtained a search warrant and discovered and seized 1.3 kilograms of marijuana and $1,700 in cash.

In his reply, Reyes abandons his argument that the items found in plain view were not properly seized.  There is no need for a further discussion of this prong of the motion.

3. Search Warrant for iPhone

As noted, after arresting Reyes on August 5, the officers obtained a search warrant for the apartment. That same search warrant also authorized a search of the Reyes' cellphone seized during his arrest.[2] Reyes contends that search of his iPhone must be suppressed since the warrant obtained to search his cellphone was based solely on a "single suspect boarding pass".[3] He contends that the boarding pass constitutes a "false statement". Reyes' affidavit states: "On this trip to San Francisco I did not use a physical, printed boarding pass, for either the outbound or inbound flights."

The search warrant's affidavit described the marijuana discovered in plain view at the time Reyes was arrested and also described events from January 2020. In January 2020, Reyes and another person were stopped at JFK after having travelled from San Francisco to New York. At JFK, approximately 46 pounds of marijuana and Reyes' boarding pass were discovered inside three

---

[2] No search has yet been made of the cellphone since it is protected by a passcode.

[3] In his reply Reyes argues for the first time that the affidavit was too conclusory in describing the .49 kilograms of marijuana as a "distribution" quantity. The affidavit included a picture of the bag of marijuana and a description of it as "a large bag of marijuana in plain view." It adds: "Based on my training and experience in the investigation of narcotics trafficking, I believe that bag contains a distribution quantity of marijuana." There is no fair basis to conclude that the affidavit was either conclusory or misleading.

4

suitcases and $20,000 in cash was discovered in Reyes's carry-on bags. In describing the boarding pass, the affiant relied on an incident report prepared by a Homeland Security officer. That report stated: "Inside one of the 3 suitcases containing marijuana was the boarding pass of Vladimir REYES from his outbound JFK to SFO flight on January 16, 2020." The affidavit provided probable cause for the search of the iPhone, and its description of the boarding pass was based on reliable information.

In his reply, Reyes abandons his argument that the description of the boarding pass was a false statement. There is no need for a further discussion of this prong of the motion.

## Conclusion

Reyes' January 8 motion to suppress is denied.

Dated:    New York, New York
          January 28, 2021

_____
                 DENISE COTE
         United States District Judge