UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- X
                                      :
UNITED STATES OF AMERICA,             :    20cr388(DLC)
                                      :
            -v-                       :    ORDER
                                      :
VLADIMIR REYES,                       :
                                      :
                      Defendant.      :
                                      :
------------------------------------- X

DENISE COTE, District Judge:

On February 17, 2021, Vladimir Reyes pleaded guilty to a single count of conspiracy to distribute cocaine, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B), and 846. As a result of this conviction, Reyes was obligated to "forfeit to the United States . . . any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as a result of such violation." 21 U.S.C. § 853(a). Reyes was sentenced on May 18, 2021. At Reyes' sentencing, he and the Government agreed that forfeiture was required, but disputed the appropriate sum of his mandatory forfeiture.

During the events that gave rise to Reyes' conviction, Reyes agreed to purchase a kilogram of cocaine from his co-defendant, Mario Reynoso-Hiciano, for $34,000 in cash.[1] When

---

[1] The facts described in this Order are derived from the Presentence Investigation Report and are not disputed by either party.

Reyes took delivery of the cocaine, he exchanged the cocaine for a bag that he claimed contained the agreed-upon $34,000, but actually contained only $1,500. After learning he had been swindled by Reyes, Reynoso-Hiciano attempted to locate Reyes and ultimately kidnapped, threatened, and assaulted a third party during his efforts to locate Reyes. Based on these events, the Government contends that the appropriate forfeiture sum is $34,000, the agreed-upon value of the cocaine that Reyes acquired during the transaction. But Reyes contends that the appropriate forfeiture sum is $4,500, the amount he actually paid for the cocaine plus the $3,000 he earned from his participation in the scheme.

The relevant statutory provision requires forfeiture of "any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of" the drug crime of which Reyes has been convicted. 21 U.S.C. § 853(a). Under this provision, a defendant is obligated to forfeit "tainted property; that is, property flowing from . . . the crime itself." Honeycutt v. United States, 137 S. Ct. 1626, 1632 (2017). "The government's burden of proof with respect to forfeiture is a preponderance of the evidence." United States v. Roberts, 660 F.3d 149, 165 (2d Cir. 2011).

Applying these principles, an order of forfeiture of $34,000 is appropriate. The Government has demonstrated -- and

2

Reyes does not dispute -- that Reyes obtained cocaine with a value of $34,000 during the instant offense. A sum of $34,000, then, reflects the value of the "property flowing from . . . the crime itself." Honeycutt, 137 S.Ct at 1632. Reyes argues that a lesser forfeiture amount is proper because he did not expect to keep $34,000 worth of cocaine as a result of his participation in the transaction. Even if his assertion is credited, Reyes misapprehends the relevant standard. Reyes obtained cocaine with a value of $34,000 as a result of his crime and forfeiture of $34,000 is therefore required.[2] Accordingly, it is hereby

ORDERED that Reyes shall forfeit to the Government $34,000.

Dated: New York, New York
May 18, 2021

DENISE COTE
United States District Judge

---

[2] Moreover, a lower forfeiture amount would potentially allow Reyes to profit from his swindle of Reynoso-Hiciano, a highly dangerous act that resulted in physical harm to a third party. Such a result would be incompatible with the "important governmental interests" underlying the forfeiture statute, which include "separating a criminal from his ill-gotten gains" and "lessening the economic power of criminal enterprises." Honeycutt, 137 S.Ct. at 1631 (quoting Caplin & Drysdale, Chartered v. United States, 491 U.S. 617, 629-630 (1989)).

3